UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [112].

    Plaintiffs Hope Road Merchandising, LLC and Fifty-Six Hope Road Music Limited ("Plaintiffs" or "Hope Road parties") bring this action against Jammin Java Corporation ("Defendant"), for breach of contract, declaratory relief, interference with prospective economic advantage, trademark infringement under the Lanham Act, and fraudulent misrepresentation.   Complaint, Dkt. 1 ("Complaint").   In response, the Defendant brought counterclaims against the Plaintiffs for breach of contract, interference with prospective economic advantage, and fraudulent misrepresentation.   However, after this Court's Order granting in part the Plaintiffs' original Motion for Partial Summary Judgment, Dkt. 97, the Defendant voluntarily dismissed all of its counterclaims with prejudice.   Dkt. 103.

    Presently before the Court is Plaintiffs' second Motion for Partial Summary Judgment wherein the Plaintiffs seek a finding that they are entitled to summary judgment on their claims regarding the Defendant's breach of contract of the Short Term License and a finding that the Plaintiffs properly terminated that license under the terms of the contract.   Dkt. 112.   The Defendant does not oppose the Motion.   Dkt. 116.   For the reasons set out below, the Court finds that the Plaintiffs properly terminated the Short Term License and are entitled to a finding as a matter of law that the Defendant breached the contract.   The Motion for Partial Summary Judgment is GRANTED.

                                                                                                                     :

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case as understood by the Court are well-known to the parties from previous orders. *See, e.g.*, Dkt. 97. In 2012 the Plaintiffs and the Defendant entered into business together. The Plaintiffs agreed to license certain trademarks relating to singer Bob Marley to the Defendant in order to allow the Defendant to sell a product called "Marley Coffee." After not receiving the proper royalty payments from the Defendant, the Plaintiffs terminated the original long-term license agreement on June 2, 2016.[1] After the Long Term License was terminated, the parties entered into a Short Term License that would last for six months and would allow the Defendant to continue using the Marley Trademarks while the parties explored whether they could continue their business arrangement long term. The Short Term License incorporated substantially the same terms as the Long Term License.

When the Plaintiffs conducted due diligence on the Defendant, they learned that the Defendant had materially breached the Short Term License. These breaches included the Defendant's cessation of operations with respect to Marley Coffee, failing to conduct advertising and marketing to support the Marley Coffee brand, unlawful sublicensing and assignment of the Short Term License to third parties, and failure to pay the royalties owed under the Long Term License. As a result of these breaches, the Plaintiffs formally terminated the Short Term License on or about July 21, 2016.

The current Motion for Summary Judgment addresses only the breach and subsequent termination of the Short Term License. The Plaintiffs contend that the Defendant breached the Short Term License and the Plaintiffs then properly terminated the agreement. Further, the Plaintiffs contend that the Defendant owes a total of $371,159.16 in unpaid royalties to the Plaintiffs accrued under both the Long Term and Short Term Licenses. Although the Defendant has not opposed the Plaintiffs' Motion, the Court must still examine the sufficiency of the Plaintiffs' Motion, as such a motion may not be granted based solely on the failure to file an opposition. L.R. 7-12.

### II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial

---

[1] The Court has already decided in a previous Order that the Plaintiffs properly terminated the Long Term License due to the Defendant's breach of contract. Dkt. 97.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the failure to file an opposition may normally be deemed consent to the granting of the motion, "a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." L.R. 7-12.

### III. DISCUSSION

The Court now finds that the Plaintiffs have sufficiently demonstrated that they are entitled to judgment as a matter of law on its breach of contract claim relating to the Short Term License and a finding that they properly terminated the Short Term License.

#### A. Defendant's Breach of the Short Term License

In order to establish liability for breach of contract, the Plaintiffs need prove the following elements: (1) a contract; (2) Plaintiffs' performance or excuse for failure to perform; (3) Defendant's breach of the contract; and (4) damage to Plaintiffs resulting from the breach. *McDonald v. John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104 (1989). There is no genuine dispute of material fact as to any of these elements, and the Plaintiffs are entitled to summary judgment as a result.

First, on July 6, 2016, the parties entered into a fully executed written contract that had gone into effect on June 27, 2016. Declaration of Bonnie Eskenazi, Dkt. 112-4 ("Eskenazi Decl."), Ex. 1 ("Short Term License"). The parties titled this agreement the Short Term License, as it was designed to only last for a period of six months.

 : 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

Second, the Plaintiffs did not breach the Short Term License and performed all of their duties under the contract. They granted a license to the Defendant to use the Marley Coffee trademark in connection with selling coffee products. Short Term License at § 1. The grant of the license fulfilled the obligations of the Plaintiffs to the Defendant. Although previously in the litigation the Defendant alleged that the Plaintiffs breached the Long Term License, the Defendant has not specifically alleged that the Plaintiffs breached any terms of the Short Term License. Therefore, the Court finds that based on the undisputed evidence the Plaintiffs have performed their duties under the Short Term License.

Third, the Court finds that the Defendant breached the Short Term License based on the evidence now before the Court. The Defendant ceased operations of its Marley Coffee business due to its inability to pay its suppliers and distributors, it failed to fill all accepted purchase orders for licensed property, it failed to conduct the advertising of Marley Coffee in an appropriate manner, it improperly sublicensed or assigned its rights under the Short Term License,[2] and failed to correct the breaches when the Plaintiffs gave it notification.[3] All of these actions violated the terms of the Short Term License and constituted breaches of the agreement. *See* Short Term License at §§ 1(a), 10(b)(iv), 14(a), 15(a)(iv), 20(c).

Finally, it is clear that the Plaintiffs have been damaged by the Defendant's breaches of contract. Most obviously, the Defendant has failed to make proper royalty payments under both the Long Term License and Short Term License, totaling $371,324 in unpaid royalties. Eskenazi Decl. at ¶ 22, Ex. 13. Therefore, it is undisputed that the Plaintiffs have suffered damages totaling at least $371,324 as the result of the Defendant's breach of contract in failing to make the proper royalty payments.

As the Plaintiffs have presented sufficient undisputed evidence to satisfy their breach of contract claim, the Court now rules that the Plaintiffs are entitled to partial summary judgment that the Defendant breached the Short Term License and suffered damages of at least $371,159 in unpaid royalties due

---

[2] Specifically, the Defendant granted certain lenders, including Power Up Lending Group, Inc., a security interest in the company's "general intangibles," which would include the Defendant's license from the Plaintiffs. Eskenazi Decl. at ¶ 15, Ex. 7.
[3] The Defendant's failure to cure ongoing breaches, including breaches stemming from its other agreements with the Plaintiffs, constituted independent grounds of termination of the Short Term License. *See* Short Term License at § 15(a)(iv).

| | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

under both the Short Term License and Long Term License.[4]

       **B.**     **Plaintiffs' Termination of the Short Term License**

     The Court now also finds that the Plaintiffs' termination of the Short Term License was valid under the law. "'Termination [of a contract] occurs when either party pursuant to a power created by agreement or law puts an end to the contract otherwise than for its breach." 1 Witkin, Summary of California Law, Contracts, § 925 (10th ed. 2005); *see also Martter v. Byers*, 75 Cal. App. 2d 375, 380 (1946). The Short Term License provides several grounds on which the Plaintiffs are permitted to terminate the agreement, including if the Defendant ceases operations, Short Term License at § 15(a)(iv); if the Defendant breaches any of the other terms of the Short Term License, Short Term License at § 15(a)(ii); or if the Defendant breaches any of the other agreements with the Plaintiffs, including the Long Term License and the promissory note that the parties entered into concurrently with the Short Term License, Short Term License at § 15(a)(iv). In its July 21, 2016 Termination Notice, the Plaintiffs provided written notice to the Defendant of the various breaches and grounds for termination. Eskenazi Decl. at ¶ 20, Ex. 11. Because several of the grounds of termination were not curable or allowed for immediate termination under the Short Term License, the License was immediately terminated when the termination notice was sent.

     As a result of the foregoing analysis, the Court now finds that the Plaintiffs properly terminated the Short Term License. The undisputed evidence shows that the Defendant's breached the Short Term License, and the agreement allowed the Plaintiffs' to immediately terminate the agreement. Thus, the Short Term License was effectively terminated on July 21, 2016, when the Plaintiffs sent the Defendant the termination notice. The only provisions that remain in effect are the ones that survive termination according to the terms of the agreement, including the obligation of the Defendant to pay royalties to the Plaintiffs.

---

[4] The sum of $371,159 is inclusive of the $297,324 in unpaid royalties granted to the Plaintiffs by this Court in its Order granting the Plaintiffs partial summary judgment on their breach of contract claim related to the Long Term License. *See* Dkt. 97 at 3.

                                                            :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | February 22, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

### IV. ORDER

For the foregoing reasons, the Court GRANTS the Plaintiffs' unopposed Motion for Partial Summary Judgment. The Defendant is liable for breach of contract relating to the Short Term License, and the Short Term License was validly terminated by the Plaintiffs on July 21, 2016.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |