## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  IN CHAMBERS ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF DAMAGES [128].

Plaintiffs Hope Road Merchandising, LLC and Fifty-Six Hope Road Music Limited ("Plaintiffs" or "Hope Road parties") bring this action against Jammin Java Corporation ("Defendant"), for breach of contract, declaratory relief, interference with prospective economic advantage, trademark infringement under the Lanham Act, and fraudulent misrepresentation.  Complaint, Dkt. 1 ("Complaint").  In response, the Defendant brought counterclaims against the Plaintiffs for breach of contract, interference with prospective economic advantage, and fraudulent misrepresentation.  However, after this Court's Order granting in part the Plaintiffs' original Motion for Partial Summary Judgment, Dkt. 97, the Defendant voluntarily dismissed all of its counterclaims with prejudice.  Dkt. 103.

Presently before the Court is Plaintiffs' Motion for an Award of Damages related to the Defendant's trademark infringement.  Dkt. 128.  The Plaintiffs contend that the Court's prior rulings in this case and the Defendant's own admissions mandate a finding that the Defendant is liable for trademark infringement.  Therefore, the only question left before the Court is the proper measure of damages.  The Plaintiffs further contend that the proper measure of damages is the profits gained by the Defendant from the unauthorized use of the Marley Trademarks.  Because the Defendant cannot put forward any valid evidence of costs or other deductions associated with the Trademarks, the proper measure of damages is the gross revenue related to the sale of products bearing the Marley Trademarks, which totals $2,458,835.20.  For the following reasons, the Plaintiffs' Motion is GRANTED.  The Court awards damages in the amount of $2,458,835.20.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case as understood by the Court are well-known to the parties from previous orders. *See, e.g.*, Dkt. 97. In 2012 the Plaintiffs and the Defendant entered into business together. The Plaintiffs agreed to license certain trademarks relating to singer Bob Marley to the Defendant in order to allow the Defendant to sell a product called "Marley Coffee." After not receiving the proper royalty payments from the Defendant, the Plaintiffs terminated the original long-term license agreement on June 2, 2016.[1] After the Long Term License was terminated, the parties entered into a Short Term License that would last for six months and would allow the Defendant to continue using the Marley Trademarks while the parties explored whether they could continue their business arrangement long term. The Short Term License incorporated substantially the same terms as the Long Term License.

When the Plaintiffs conducted due diligence on the Defendant, they learned that the Defendant had materially breached the Short Term License. These breaches included the Defendant's cessation of operations with respect to Marley Coffee, failing to conduct advertising and marketing to support the Marley Coffee brand, unlawful sublicensing and assignment of the Short Term License to third parties, and failure to pay the royalties owed under the Long Term License. As a result of these breaches, the Plaintiffs formally terminated the Short Term License on or about July 21, 2016.

The current Motion for an Award of Damages arises because the Defendant apparently continued to sell products bearing the Marley Coffee name even after the Long Term and Short Term Licenses were terminated by the Plaintiffs. Therefore, the Defendant sold products bearing trademarks owned by the Plaintiffs without the Plaintiffs consent, thus constituting trademark infringement. Previous counsel for the Defendant confirmed that it is liable for trademark infringement, stating, "The defendant is conceding that given the court's rulings and likely ruling on the summary judgment,[2] it's liable for trademark infringement. The only question is what's the right damages number, which under the law essentially is profits…." Geller Declaration Submitted With Reply Brief, ("Geller Decl. #2), Dkt. 137-1, Exh. A, p. 3. As a result of this concession, the Court ordered the parties to attempt to agree on

---

[1] The Court has already decided in a previous Order that the Plaintiffs properly terminated the Long Term License due to the Defendant's breach of contract. Dkt. 97.
[2] As referenced by counsel, the Court indeed granted the Plaintiffs' Motion for Partial Summary Judgment on the question of the proper termination of the Short Term License. Dkt. 122.

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

a joint figure for the appropriate measure of damages. *Id.* at 4. If the parties could not agree, the Plaintiffs were to file a Motion for Damages. *Id* at 4-5.

The parties ultimately could not agree on a damages figure, and the Plaintiffs submitted their Motion for an Award of Damages. Dkt. 128. After changing counsel, the Defendant opposed the Plaintiffs' damages calculation. Dkt. 135. The Court held a hearing on the matter and took the Motion under submission. Dkt. 144.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

The Lanham Act provides the appropriate measure of damages in a trademark infringement case, as well as the mechanism by which those damages are determined. U.S.C. § 1117(a). When a violation of the Lanham Act has been established, "the plaintiff shall be entitled … subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). In describing the mechanism through which a court might determine the proper measure of damages, the Act states, "The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." U.S.C. § 1117(a). The Ninth Circuit has confirmed that the determination of profits under § 1117 is not a jury question but rather a determination for the court. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015) (finding that, because "the determination of profits under § 1117 is not 'fundamental, ... inherent in and of the essence of the system of trial by jury,'" it does not need to be decided by a jury).

## III. DISCUSSION

The Court now finds that the Plaintiffs are entitled to trademark infringement damages in the amount of $2,458,835.20, the amount they request. They have sufficiently demonstrated that the amount is an accurate measure of the Defendant's gross revenues from selling the infringing products, while the Defendant has not put forward sufficient evidence of costs or deductions related specifically to its sale of the Marley products. As a result, the Plaintiffs are entitled to their full requested amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

### A.     Finding of Trademark Infringement

As discussed above, it is essentially undisputed that the Defendant is liable to the Plaintiffs for trademark infringement. The Court found that the Plaintiffs validly terminated the Short Term License as of July 21, 2016.  Dkt. 122 at 6.  Therefore, after that date, the Defendant no longer had permission to sell goods bearing the Marley Trademarks.  However, it continued to do so, and indeed as late as December 21, 2016, stated to the SEC that it is "doing business as Marley Coffee … using the Marley Coffee brand name."  Geller Declaration Submitted With Motion for Damages ("Geller Decl. #1), Dkt. 128-3, Exh. A.  Thus, the Defendant is undeniably liable for trademark infringement for selling products bearing the Plaintiffs' marks without permission.

Indeed, the Defendant does not dispute that it is liable.  At hearing, defense counsel stated, "The defendant is conceding that given the court's rulings and likely ruling on the summary judgment, it's liable for trademark infringement.  Geller Decl. #2, Dkt. 137-1, Exh. A, p. 3.  Additionally, in its opposition to the present Motion for Damages, the Defendant does not contend that it is not liable for trademark infringement.  Rather, it argues that the Plaintiffs' calculations are erroneous and the Defendant did not actually make any profits on its infringing sale of Marley Coffee.  Thus, it is clear to the Court that the Defendant is liable for infringement, and the only issue now before the Court is the correct amount of damages that should be awarded to the Plaintiffs.

### B.     Calculating the Damages for Trademark Infringement

Both sides appear to agree that the correct measure of damages should be the Defendant's profits attained from selling Marley Coffee.  Although the Plaintiffs seem to believe that the Defendant is actually contesting profits as a measure of damages, they appear to be misreading the opposition of the Defendant.  Instead, the Defendant contends that the Plaintiffs are not entitled to any profits from the Defendant's sale of Marley Coffee because the Defendant did not in fact make any profits, not because profits are an inappropriate measure of trademark infringement damages as a matter of law.  *See* Dkt. 135, 3 ("Plaintiffs are not entitled to judgment because Jammin Java did not make a profit during the period of infringement.").  The Defendant concedes that in order to defeat the Plaintiffs' Motion it needs to show that its gross revenue figures were offset by expenses.  *Id.*  This is a different contention than arguing that profits are the wrong measure of damages in this case as a matter of law. Therefore, both parties appear to agree that the Defendant's profits are the appropriate measure of the

:

Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

Plaintiffs' damages, at least in theory. The Court will consider the evidence put forward by both parties in order to determine the actual amount of the Defendant's profits.[3]

In assessing profits under the Lanham Act, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). The Court finds that the Plaintiffs have indeed sufficiently demonstrated that the Defendant's sales are $2,458,835.20. The Plaintiffs submitted the Defendant's own calculations of its revenues as support for that figure. Geller Decl. #1, Exh. B. There appears no reason to doubt the numbers submitted by the Plaintiffs, and indeed the Defendant does not dispute that $2,458,835.20 is the correct amount of gross revenues collected by the Defendant for sales of Marley Coffee during the infringing period.

Once the Plaintiffs have proved the existence of infringing sales, the Defendant must prove all costs or deductions claimed in order to offset those sales. 15 U.S.C. § 1117(a). Importantly, the Defendant must show that any deductions for business expenses, "[were] of actual assistance in the production, distribution or sale of the infringing product." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir. 1985). The Defendant argues that its costs associated with Marley Coffee are greater than its revenues. Therefore, it did not realize any profits on its sale of the infringing products, and thus profits cannot be used to measure the Plaintiffs' damages.

To support this contention the Defendant points to the same financial documents and calculations as the Plaintiffs. Specifically, the Defendant notes that its financial documents filed with the SEC demonstrate that the Defendant had an overall loss of millions of dollars for every single quarter since the beginning of the trademark agreement until October 31, 2016. Tran Decl., Dkt. 135-1, Exhs. 1, 2, 4. Additionally, the current accounting of profits demonstrates that there was an overall loss of over three million dollars during the infringing period of July 2016 to January 2017, which easily exceeds the amount of sales. *Id.* at Exh. 3. Finally, the Defendant contends that all of these losses must have been in actual assistance in the production and sale of the infringing product Marley Coffee because the entirety of Jammin Java's business during the infringing period was Marley Coffee, as testified to by the

---

[3] Both parties also address whether disgorgement of gross revenues, rather than profits, may also be an appropriate measure of damages because of the willful nature of the Defendant's infringement. However, the Court need not and does not reach a finding on that issue. Damages equal to the Defendant's mere profits provide equitable compensation to the Plaintiffs, as required by the Lanham Act. Therefore, there is no reason to decide whether the Plaintiffs are actually entitled to a more serious award of damages in the form of disgorgement due to the Defendant's willfulness.

:

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

former president of the Defendant. *Id.* at ¶ 8. For these reasons, the Defendant contends that it has satisfied its burden of demonstrating that its costs and expenses associating with producing and selling Marley Coffee exceeded its revenues.

However, the Court now finds that the Defendant has not met its burden. The Defendant concedes that it bears the burden of proving costs and deductions that were "of actual assistance in the production, distribution or sale of the infringing product." *Frank Music*, 772 F.2d at 516 (finding insufficient evidence that overhead deductions actually contributed to infringing sales). The Defendant's showing is not sufficient for the Court because it has not demonstrated to the satisfaction of the Court that its entire business related to Marley Coffee. As the Plaintiffs demonstrate in their reply belief, there is strong evidence that the Defendant was developing a competing, non-Marley brand of coffee during the infringing period. The Defendant admitted this development of a competing brand in a letter to shareholders on October 7, 2016, which was within the infringing period. Geller Decl. #2 at Exh. B. The Plaintiffs have submitted other evidence that the Defendant devoted significant resources to this endeavor.[4] *Id.* at Exhs. D, E, F. G, H, I.

This evidence is important because the Defendant has not even attempted to demonstrate to the Court which of its expenses were related to Marley Coffee and which were related to the development of its new competing brand. Instead, it chose to rely on a conclusory statement by its former president that all of its costs and deductions were related to Marley Coffee because Marley Coffee constituted its entire business. That statement now appears to be untrue. Therefore, although undoubtedly some of its expenses related to the sale and production of Marley Coffee, the Defendant has failed to meet its burden of properly allocating the infringing expenses, which is fatal to its attempt to demonstrate offsetting costs. *See Frank Music*, 772 F.2d at 516. In *Frank Music*, although the Ninth Circuit acknowledged that some of the defendants' claimed overhead contributed to the production of the infringing product, it found that the defendants could not claim any deductions based on its overhead because it offered no evidence of how those costs were allocated between infringing and non-infringing products. *Id*.

The same is true in this case. The Defendant's claim that all of its expenses were related to the production and sale of Marley Coffee has been refuted by reliable evidence, and it provides no

---

[4] Some of this evidence is subject to a protective order between the parties and was initially filed in redacted form, although the Plaintiffs later submitted an unredacted form of the evidence under seal.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | May 30, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

additional evidence of costs or expenses exclusively related to Marley Coffee. Therefore, because it is the Defendant's burden to prove its costs and expenses related to its sale of the infringing product and the Defendant has not met that burden, it is not entitled to offset the Plaintiffs' showing of gross revenues.[5] As a result, the Plaintiffs are entitled to the Defendant's revenues of $2,458,835.20. This figure, although equal to the Defendant's revenues, actually represents the Court's estimate of the Defendant's profits, as the Defendant is not able to make any deductions from that number for the reasons stated above.

### IV.  ORDER

For the foregoing reasons, the Court GRANTS the Plaintiffs' Motion for an Award of Damages. The Plaintiffs are awarded $2,458,835.20 as a measure of damages for the Defendant's trademark infringement.

The prevailing party will submit a proposed judgment consistent with this Order. Additionally, the Court's understanding is that this is the final issue to be decided by the Court in this case and thus this Order closes the action. The parties shall notify the Court immediately if that is not the case.

IT IS SO ORDERED.

---

[5] The Plaintiffs originally contended that the Defendant's calculations of its expenses should not be given weight because of a discrepancy in the Defendant's records. However, because the Court finds that the Plaintiff is entitled to the full amount requested due to the Defendant's failure to allocate its expenses, the Court need not make a finding on this issue.

| | : |
|---|---|
| Initials of Preparer | PMC |