# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

**Present: The Honorable**  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [150] AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [151].

Plaintiffs Hope Road Merchandising, LLC and Fifty-Six Hope Road Music Limited ("Plaintiffs" or "Hope Road parties") bring this action against Jammin Java Corporation ("Defendant"), for breach of contract, declaratory relief, interference with prospective economic advantage, trademark infringement under the Lanham Act, and fraudulent misrepresentation. Complaint, Dkt. 1 ("Complaint"). In response, the Defendant brought counterclaims against the Plaintiffs for breach of contract, interference with prospective economic advantage, and fraudulent misrepresentation. However, after this Court's Order granting in part the Plaintiffs' original Motion for Partial Summary Judgment, Dkt. 97, the Defendant voluntarily dismissed all of its counterclaims with prejudice. Dkt. 103. The Plaintiffs then brought a motion for damages on its trademark infringement claim, which the Court granted. Dkt. 146.

Presently before the Court is the Plaintiffs' Motion for Attorneys' Fees and the Defendant's Motion for Reconsideration. The Plaintiffs argue that they are entitled to attorneys' fees because their contract with the Defendant allowed the granting of attorneys' fees to prevailing parties in litigation. The Defendant argues that the Court should reconsider its granting of the Plaintiffs' motion on damages because the Court failed to consider the entirety of one of the Defendant's arguments.[1] For the following reasons, the Plaintiffs' Motion is GRANTED in part and the Defendant's Motion is DENIED.

---

[1] The Court finds these matters suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for July 24, 2017, at 1:30 p.m. is VACATED and OFF CALENDAR.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case as understood by the Court are well-known to the parties from previous orders. *See, e.g.*, Dkt. 97. In 2012 the Plaintiffs and the Defendant entered into business together. The Plaintiffs agreed to license certain trademarks relating to singer Bob Marley to the Defendant in order to allow the Defendant to sell a product called "Marley Coffee." After not receiving the proper royalty payments from the Defendant, the Plaintiffs terminated the original long-term license agreement on June 2, 2016. After the Long Term License was terminated, the parties entered into a Short Term License that would last for six months and would allow the Defendant to continue using the Marley Trademarks while the parties explored whether they could continue their business arrangement long term. The Short Term License incorporated substantially the same terms as the Long Term License.

When the Plaintiffs conducted due diligence on the Defendant, they learned that the Defendant had materially breached the Short Term License. These breaches included the Defendant's cessation of operations with respect to Marley Coffee, failing to conduct advertising and marketing to support the Marley Coffee brand, unlawful sublicensing and assignment of the Short Term License to third parties, and failure to pay the royalties owed under the Long Term License. As a result of these breaches, the Plaintiffs formally terminated the Short Term License on or about July 21, 2016.

The Plaintiffs then moved for an award of damages on a claim of trademark infringement because the Defendant apparently continued to sell products bearing the Marley Coffee name even after the Long Term and Short Term Licenses were terminated by the Plaintiffs. Dkt. 128. Therefore, the Defendant sold products bearing trademarks owned by the Plaintiffs without the Plaintiffs consent, thus constituting trademark infringement. Previous counsel for the Defendant confirmed that it is liable for trademark infringement, stating, "The defendant is conceding that given the court's rulings and likely ruling on the summary judgment,[2] it's liable for trademark infringement. The only question is what's the right damages number, which under the law essentially is profits…." Geller Declaration Submitted With Reply Brief, ("Geller Decl. #2), Dkt. 137-1, Exh. A, p. 3. As a result of this concession, the Court ordered the parties to attempt to agree on a joint figure for the appropriate measure of damages. *Id*. at 4. If the parties could not agree, the Plaintiffs were to file a Motion for Damages. *Id* at 4-5.

---

[2] As referenced by counsel, the Court indeed granted the Plaintiffs' Motion for Partial Summary Judgment on the question of the proper termination of the Short Term License. Dkt. 122.

|   | : |
|---|---|
| Initials of Preparer | |
| | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

   The parties ultimately could not agree on a damages figure, and the Plaintiffs submitted their Motion for an Award of Damages. Dkt. 128. After changing counsel, the Defendant opposed the Plaintiffs' damages calculation. Dkt. 135. The Court held a hearing on the matter and took the Motion under submission. Dkt. 144. The Court eventually granted the Motion for the full amount of damages requested by the Plaintiffs. Dkt. 146. In granting the Motion, the Court explicitly did not disgorge the gross revenues of the Defendant, which would only be an appropriate measure of damages if the Defendant's infringement was willful. *Id.* at 5 n. 3. Instead, the Court found that the Defendant's profits, rather than its revenues, were a reasonable and equitable measure of damages for the infringement. *Id.* Thus, the Court clearly and explicitly did not make a finding on whether the Defendant's infringement was willful, and instead used a damages calculation appropriate for non-willful infringement. *Id.*

   Each party has now filed a final motion in this case. The Plaintiffs request an award of attorneys' fees, as they argue that their contracts with the Defendant and California law allow such an award. Dkt. 150. The Defendant has filed a motion to reconsider the Court's previous award of trademark infringement damages, arguing that the Plaintiffs did not submit sufficient evidence of willful infringement to warrant disgorgement of revenues. Dkt. 151. The Plaintiffs opposed the Defendant's motion, while the Defendant did not oppose the Plaintiffs' motion for attorneys' fees. Dkt. 154.

   II.   **MOTION FOR ATTORNEY FEES**

       A.   **Legal Standard**

   California law ordinarily does not allow for recovery of attorneys' fees. *Trope v. Katz*, 11 Cal. 4th 274, 277 (1995). However, one exception to the general rule is when the parties have contractually obligated themselves to pay attorneys' fees, in which case California Civil Code § 1717 governs. *Farmers Ins. Exchange v. Sayas*, 250 F.3d 1234, 1237 (9th Cir. 2001). Section 1717 provides, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract … shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

**B.     Discussion**

It is undisputed that both the Long Term License and the Short Term License provide for the award of attorneys' fees to a prevailing party.  *See* Geller Decl., Exh. A, § 20(f); Exh. B, § 20(f) ("If either party breaches this Agreement, the prevailing party in any proceeding to enforce the terms of this Agreement is entitled to its reasonable attorneys' fees and all other costs and/or expenses resulting or made necessary by the bringing of any action, motion or other proceeding to enforce any of the terms, covenants or conditions of this Agreement.").

Similarly, it is undisputed that the Plaintiffs are the prevailing party in this action, and that this action was originally brought to enforce the terms of the Agreement after the Defendant's breach.  The Plaintiffs brought causes of action related to the Defendant's breach of both the Long Term License and the Short Term License.  Dkt. 1, Exh. A.  The Court then granted summary judgment in favor of the Plaintiffs on both breach of contract causes of action.  Dkt. 97; Dkt. 122.  As a result, there is no dispute that Plaintiffs are entitled to attorneys' fees that were incurred to enforce either the Long Term License or Short Term License.

The hourly rates of the Plaintiffs' attorneys are reasonable for the reasons stated in the Motion.  Dkt. 150, 5-8.  The rates presented by the Plaintiffs represent an actual billing arrangement and are consistent with the prevailing market rate in the applicable community.  Thus, the Court approves the billing rates presented by the Plaintiffs.  Additionally, the Court finds that the amount of time spent on the case was reasonably necessary.  This case involved complex claims and was vigorously prosecuted and defended.  There were many disputes between the parties and the legal and factual issues were complicated.  Thus, the number of hours billed by the Plaintiffs' attorneys was reasonable.

The Court recognizes that the total award of $630,408.75 requested by the Plaintiffs is unusually high for a breach of contract case.  However, the unusual circumstances of this case justify such an award.  As mentioned above, the case was vigorously prosecuted on both sides.  Two different contracts were at issue, and the Defendant's theory of the case and the justification of its own breach necessitated a great deal more discovery than would be necessary for a straightforward breach of contract case.  Additionally, the Defendant moved for a temporary restraining order and asserted seven counterclaims against the Plaintiffs as well as a third party defendant.  The Defendant amended its counterclaims several times, and the third party defendant brought several motions to dismiss.  Perhaps

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

most importantly, discovery in this case was extremely complex. It lasted for four months and involved numerous disputes, documents, and financial records. Geller Decl. at ¶¶ 6-8. At one point, the Defendant produced over 2.25 million pages of documents, with no real filtering mechanism to help the Plaintiffs sort through them. *Id.* at ¶ 7. Thus, it appears reasonable to the Court that the Plaintiffs indeed incurred the high level of fees that they claim.

Additionally, the Court has carefully investigated the time sheets submitted by the Plaintiffs, and they do not appear to be padding their fees. No opposition to the motion for attorneys' fees was filed by the Defendant, making it difficult for the Court to know the accuracy of every individual entry and how it corresponds with each litigation activity. However, the Court has a duty to independently investigate the submitted fees in order to determine their reasonableness, which the Court has done. From the Court's independent review, the fees as presented by the Plaintiffs appear reasonable. After going through the records, the Court recognizes that what might have started as a straightforward matter was complicated by the Defendant's theory of its defense as well as its responses in discovery. There were indeed many layers of litigation, with multiple hearings and motions attended by numerous lawyers. Importantly, the Plaintiffs were not guaranteed to recover any attorneys' fees from the Defendant until they prevailed on their first summary judgment motion on January 25, 2017. Dkt. 97. The vast majority of the fees requested by the Plaintiffs were incurred before that date, making it much less likely that the Plaintiffs artificially increased their fees because they knew that the Defendant would be footing the bill. Thus, the Court cannot find an independent basis for adjusting the fees, as the number of hours spent on the case, while high, was not unreasonable.

However, the Plaintiffs are not entitled to the full amount of attorneys' fees that they request. Cal. Civ. Code § 1717 only authorizes fees "which are incurred to enforce [the] contract." Similarly, the parties' contract authorized fees that were incurred "to enforce any of the terms, covenants or conditions of this Agreement." Geller Decl., Exh. A, § 20(f); Exh. B, § 20(f). Therefore, the Plaintiffs are entitled to fees related to enforcing either the Long Term License or the Short Term License, which does not encompass all of the fees in this action. The contract issues were fully adjudicated on February 22, 2017, when the Court granted summary judgment on the breach of contract of the Short Term License. Dkt. 122. At that time, the Plaintiffs had fully enforced both contracts and received compensation for the Defendant's breaches. However, the Plaintiffs also chose to pursue trademark infringement claims against the Defendant, which were not related to the enforcement of the contracts because they involved the Defendant's actions after the licenses were properly terminated.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

The Plaintiffs have not put forward any reasons in their motion regarding why they should be entitled to attorneys' fees that were incurred while pursuing its trademark infringement claims.[3]

As a result, the Court finds that the fees incurred by the Plaintiffs' attorneys before February 22, 2017, when the final breach of contract cause of action was finally resolved, are appropriate for an award of attorneys' fees, as they were reasonably connected to enforcement of the contracts. However, all fees incurred on or after that date will not be counted in the award for attorneys' fees. The billing records of the Plaintiffs confirm that those fees were incurred in relation to the trademark infringement claims and thus are not appropriate for an award of attorneys' fees under California law or the parties' contract agreements. By the Court's calculations, $20,911.50 of the Plaintiffs' attorneys' fees and costs was connected with the trademark infringement, not the enforcement of the contracts. Therefore, the Court will deduct that amount from the $630,408.75 requested by the Plaintiffs. Thus, the Court AWARDS the Plaintiffs $609,497.25 in reasonable attorneys' fees and costs.

### III. MOTION FOR RECONSIDERATION

Additionally, the Defendant has made a motion for reconsideration. Dkt. 151. Specifically, the Defendant argues that the Plaintiffs did not meet their burden in showing that the proper calculation of damages is disgorgement of all of Jammin Java's profits. The Defendant contends that the Plaintiffs did not put forward sufficient evidence on whether the Defendant's trademark infringement was willful, and therefore should not have been entitled to Defendant's profits.

However, the Defendant's motion is based on a misunderstanding of the prevailing law, the Court's Order regarding damages, or both. The Court clearly and explicitly did not base its award of damages on a finding of willfulness. Dkt. 146 at n.3. (stating that "there is no reason to decide whether the Plaintiffs are actually entitled to a more serious award of damages in the form of disgorgement due to the Defendant's willfulness."). A finding that the Defendant willfully infringed would have subjected the Defendant to harsher penalties than the Court granted, such as disgorgement of *revenues*

---

[3] The Lanham Act does provide for attorneys' fees for trademark infringement at the discretion of the Court, and only in "exceptional cases." 15 U.S.C. § 1117(a). However, the Plaintiffs have not cited to the Lanham Act as a source of justification for an award of attorneys' fees. Additionally, the Court does not see this case as an "exceptional case" of trademark infringement that would justify attorneys' fees under the Lanham Act, especially as it never found that the Defendant's infringement was willful. Thus, the Lanham Act does not justify an award of attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05810-SVW-MRW | Date | July 18, 2017 |
|---|---|---|---|
| Title | *Fifty-Six Hope Road, et al. v. Jammin Java Corporation* | | |

(as opposed to *profits*). However, the Court did not reach a finding on willfulness, and therefore merely awarded the Defendant's profits to the Plaintiffs. The Lanham Act clearly provides a remedy of a defendant's profits for "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1117(a). The Court awarded precisely the remedy proscribed by the Lanham Act. The issue of willfulness was never determined by the Court and never relied on for the determination of the proper and equitable remedy for the Defendant's infringement. Thus, the Defendant's motion for reconsideration because of an insufficient showing of willfulness is wholly baseless.

It is possible that the Defendant's confusion stems from the Court's granting of a damages award equal to the Defendant's revenues rather than its profits. However, the numerical value of the award did not relate in any way to a finding of willfulness or to disgorgement. Rather, when a Court assesses the profits of a defendant, the Lanham Act requires that "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Therefore, in assessing the *profits* of the Defendant, the Court found that the Defendant had failed to meets its burden of proving its costs and expenses related to its sale of the infringing product. Dkt. 146 at 6-7. As a result, although the actual award from the Court was equal to the Defendant's revenues, it was actually a calculation of the Defendant's profits, as authorized by the Lanham Act, because the Defendant failed to meet its burden on demonstrating expenses. In other words, the Court's award of damages was a normal award of profits under the Lanham Act, as it was the Defendant's own failure to demonstrate expenses related to the infringement that precluded any offset of the revenues. Thus, the Defendant's motion for reconsideration is without merit and is DENIED.

### IV. ORDER

For the foregoing reasons, the Court AWARDS $609,497.25 to the Plaintiffs in attorneys' fees and costs. Dkt. 150. The Court DENIES the Defendant's Motion for Reconsideration. Dkt. 151.

IT IS SO ORDERED.

:

Initials of Preparer

PMC